ANDREW J. GRINNELL *vs*. EMMA L. YOUNG and Husband.

### July 3, 1889.

Replevin—General Averment of Title — Evidence that Bill of Sale
was mere Escrow.—In an action of claim and delivery, each party al-
leging generally ownership and right of possession in himself, where the
defendant, in support of his claim, introduces in evidence what purports
to be a bill of sale from plaintiff, the latter may prove in rebuttal that
there had never been in fact any sale or delivery of the property; that the
bill of sale had been signed to be placed in escrow until a proposed trade
had been completed; and that the person named as vendee therein had
fraudulently and unlawfully obtained possession of it.

This action was brought in the district court for Hennepin county,
and tried before *Young*, J., and a jury, who found plaintiff entitled
to possession of the property, and its value to be $2,410.16. Defendants
having moved for a new trial, the motion was denied on plaintiff con-
senting to a reduction of the verdict to $2,000, and the defendants
appealed.

*E. A. Campbell* and *J. E. Waters*, for appellants.

*Howard & Richardson*, for respondent.

MITCHELL, J.    This was an action of claim and delivery, the plain-
tiff alleging generally that he was the owner and entitled to the pos-

session of the property which the defendants had wrongfully taken. The defendants in their answer denied plaintiff's right, and alleged generally that they were the owners and entitled to the possession. Upon the trial defendants introduced a series of bills of sale, commencing with one from plaintiff to one Pomeroy, and constituting an apparent paper title in the defendant Emma L. The plaintiff then introduced, under defendants' objection, evidence showing that there never had in fact been any sale or delivery of the property by him to Pomeroy; that they had entered into an executory contract for the exchange of this property for certain real estate to be conveyed by Pomeroy to plaintiff; that in view of this the bill of sale had been drawn up and signed by plaintiff, and handed to Pomeroy to be by him left in escrow with one Gannon until he (Pomeroy) executed the deed to plaintiff, when the papers were to be exchanged, and the property delivered; that instead of doing this Pomeroy, without authority, filed the bill of sale with the city recorder, and did not and never has executed the deed to plaintiff; that the property in controversy—a stock of drugs—was never delivered to Pomeroy, but remained in plaintiff's possession until Pomeroy and the defendant Eugene M. Young went to the store where the goods were in charge of plaintiff's clerk, and, in plaintiff's absence, took possession, and excluded the plaintiff by putting a new lock on the door. This evidence was admissible under the pleadings. Had there been a sale and delivery in fact, which plaintiff was seeking to avoid on the ground of fraud, then the fraud should have been pleaded. But the effect of the evidence in this case was to prove that there had never in fact been any sale, but that Pomeroy had wrongfully possessed himself of an apparent muniment of title, which had never been delivered. As this evidence was wholly uncontradicted, and nothing was proved which would create an estoppel against plaintiff, the court would have been justified in directing the jury, as he in effect did, to find a verdict for the plaintiff.

Exception was taken to the action of the court in permitting evidence as to the value of the stock at the time an invoice was taken, about a year before the suit was commenced. It appears that it was the last inventory taken by plaintiff, and that after the action was

brought defendants rebonded the property and retained the posses-
sion. Plaintiff also testified that the purchases added to the stock
after taking this invoice were equal to or exceeded the sales. It
would seem therefore that this evidence was the best which it was in
the power of plaintiff to produce, and, under the peculiar circum-
stances of the case, we do not think there was any error in admitting
it. We think that plaintiff, being the owner of the stock, who had
purchased it in the market, and who took the inventory, showed him-
self competent to testify as to its value, although not a professional
druggist. This covers all the assignments of error requiring any
special notice.

Order affirmed.